# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TEXAS

# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS. | § | NO. 1:01-cr-137-1 |
| TOMMY L. JONES | § | |

### REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed May 11, 2005, alleging that defendant violated conditions of supervised release by repeatedly failing to report to the U.S. Probation Office as directed, failing to submit urine specimens as directed, failing to notify the U.S. Probation Office of his change in employment, failing to comply with U.S. Probation Office's program of drug testing and treatment, and by submitting urine specimens which tested positive for methamphetamine and cocaine metabolite.

This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

## I.  The Original Conviction and Sentence

Defendant was sentenced on March 19, 2002, before The Honorable Howell Cobb of the Eastern District of Texas after pleading guilty to the offense of Bank Fraud, a Class B felony. This offense carried a statutory maximum imprisonment term of 30 years.  The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of I, was 6 to 12 months.  Defendant was subsequently sentenced to 1 month imprisonment, to be followed by a 5-year term of supervised release, subject to the standard conditions of release, plus special conditions to include not committing any offenses against a foreign state or nation; home detention with electronic monitoring for a period of 150 days; financial disclosure for the purpose of monitoring defendant's efforts to pay restitution; not incurring new credit charges or opening additional lines of credit without the approval of the probation office unless defendant's financial obligation ordered by the court had been paid in full; not gambling in any form while on supervised release; paying $50,693.21 in restitution; and a $100 special assessment.

On August 20, 2002, defendant completed his period of imprisonment and began service of the supervision term.  While under supervision, defendant used controlled substances without a prescription from a licensed health professional.  Thus, on September 14, 2004, defendant's conditions of supervision were modified to include the requirement that defendant not illegally possess a controlled substance, that defendant refrain from any unlawful use of a controlled substance, and that defendant participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as released from the program by the probation officer.  Defendant's unlawful use of controlled substances continued, and on November 9, 2004,

defendant's conditions of supervision were again modified to include participation in an intensive inpatient substance abuse treatment program for no less than 90 days or until being successfully discharged by the program director, and completion of an outpatient aftercare substance abuse treatment program.

## II.  The Period of Supervision

Defendant's term of supervised release commenced on August 20, 2002.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on May 11, 2005.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance.  Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. |
| Standard Condition: | Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. |
| Standard Condition: | Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |
| Standard Condition: | Defendant shall notify the probation officer ten days prior to any change of residence or employment. |
| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation |

officer, until such time as the defendant is released from the program by the probation officer.

As grounds, the petition alleges that on August 13, 2004, October 10, 2004, April 7, 2005, and May 9, 2005, defendant submitted urine specimens which tested positive for methamphetamine; and that on October 5, 2004, defendant submitted a urine specimen which tested positive for cocaine metabolite. The petition also alleges that defendant failed to report to the U.S. Probation Office on October 20 and October 25, 2004, as instructed, and that defendant failed to submit urine specimens as directed on October 20 and October 25, 2004. The petition also alleges that on or about the beginning of April, 2005, defendant quit his job and failed to notify the U.S. Probation Office of this change in employment until April 26, 2005. Finally, the petition alleges that on October 19, 2004, defendant failed to attend his substance abuse treatment program, and that on May 7, 2005, defendant failed to submit a urine specimen to the designated testing site, pursuant to the treatment program.

### IV.  Proceedings

On May 17, 2005, the undersigned United States Magistrate Judge convened a hearing to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, defendant pleaded "true" to the allegation that on or about May 7, 2005, defendant failed to submit a urine specimen to the designated testing site in Orange, Texas. The court announced that this violation is a Grade C violation, with policy guidelines suggesting 3 to 9 months imprisonment upon revocation.

Counsel for the government and the defendant announced that they had reached an agreement as to a recommended disposition. This agreement was that the court should revoke supervised release, impose 24 months imprisonment; followed by no additional period of supervised release. In return, the government will decline to proceed with remaining alleged violations of supervised release conditions.

Counsel for the government emphasized that there had been a downward departure at defendant's original sentencing, and that defendant repeatedly violated several conditions of supervised release, despite the U.S. Probation Office's multiple attempts to assist defendant in overcoming his drug problem, and to tailor the conditions to meet defendant's needs in that regard. Counsel for the government also stated that defendant's numerous violations of the conditions of his release occurred over a period of several months, and that the U.S. Probation Office had simply exhausted its attempts to help defendant overcome his substance abuse problems. Counsel for the government requested that defendant be sentenced to a 24-month term of imprisonment, given defendant's apparent inability to overcome his drug problem with the assistance of the U.S. Probation Office.

Defense counsel stated that defendant did not object to the 24-month term of imprisonment, with no supervised release to follow.

### V. Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke a term of supervised

release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. The original offense of conviction was a Class B felony; therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7B1.1(a), upon finding by a preponderance of the evidence that defendant violated a condition of supervision by not submitting urine specimens as directed, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(C) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

According to U.S.S.G. § 7B1.4, application note 2, a departure from the applicable range of imprisonment in the Revocation Table may be warranted when the Court departed from the applicable range for reasons set forth in § 4A1.3 (Adequacy of Criminal History Category) in originally imposing the sentence that resulted in supervision. Additionally, an upward departure may be warranted when a defendant, subsequent to the federal sentence resulting in supervision, has been sentenced for an offense that is not the basis of the violation proceeding.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

### VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the alleged violation of a special condition: failing to submit a urine specimen pursuant to his substance abuse treatment program in Orange, Texas. Based upon

defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated a condition of supervised release, a Grade C violation, in the manner alleged in the petition.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision and refrain from illicit or illegal drug use, and he violated conditions of supervision on multiple occasions after release from custody. Defendant did not participate as directed in a drug testing and treatment program. All efforts at rehabilitation while under supervision have failed. As such, incarceration appropriately addresses defendant's violations and will provide him the opportunity to participate in substance abuse treatment while in custody.

### RECOMMENDATIONS

1. The court should find that defendant violated conditions of supervised release in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release should be revoked.

3. Defendant should be sentenced to a term of imprisonment of twenty-four (24) months to be served consecutively to any subsequent term of imprisonment, followed no additional term of supervision.

4. Defendant should be ordered to pay restitution in the amount of $41,993.21, to Community Bank and Trust. The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710.

**OBJECTIONS**

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this 18th day of May, 2005.

*Earl S. Hines*
_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE